UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA, :
 : <u>NOT FOR PUBLICATION</u>
Plaintiff, : ORDER
 :
-against- :
 :
GIOVANNI GALLINA, EPIFANIA : 97-CV-5532 (CBA) (JMA)
GALLINA, CATERINA MIGNANO, :
FRANCESCA PIPITONE, ASTORIA :
FEDERAL SAVINGS and LOAN :
ASSOCIATION, and NEW YORK STATE :
DEPARTMENT OF TAXATION & :
FINANCE, and IDEAL MUTUAL :
INSURANCE COMPANY, :
 :
Defendants. :
 :
------------------------------------------------------X
AMON, United States District Judge:

      The United States of America brought this action to reduce to judgment certain income tax liabilities assessed by the United States against defendants Giovanni and Epifania Gallina (collectively, the "Gallinas"). It also seeks to foreclose its federal tax liens upon the Gallinas' interest in a parcel of real property located in Maspeth, New York (the "Property"). The Gallinas' daughters, Caterina Mignano and Francesca Pipitone, among other parties, were named as defendants because they may claim an interest in the Property. With regard to Mignano and Pipitone in particular, the Government seeks through this suit to establish that the Gallinas' conveyance of their interests in the Property to their daughters was made subject to federal tax liens, and that the conveyance was fraudulent as to the United States as a creditor. On April 14, 2006, the United States moved for entry of default as to Mignano and Pipitone.

      This motion was referred to the Honorable Joan M. Azrack, United States Magistrate

Judge, for a Report and Recommendation ("R&R"). On November 20, 2007, Magistrate Judge Azrack recommended "that the Government's motion for a default judgment against Mignano and Pipitone be denied." R&R at 14. The Court has reviewed the R&R de novo. It has considered the objections made by the United States and finds them unpersuasive.

There is no merit to the suggestion that the Magistrate Judge misunderstood the nature of the motion before her. The confusion, if there were any, was created by this Court's referral and the long delay in the Government's moving to have the default noted. The Government may be correct that technically the motion to note the default should have been granted, and defendants' filing of an answer construed as a motion to vacate the default under Rule 55(c). The Magistrate Judge, however, analyzed the case precisely as if it were such a motion. Any problems of nomenclature were created by this Court. To the extent that the Magistrate Judge refers to the Government's motion for a "default judgment," R&R at 14, the reference to "judgment" was clearly inadvertent.

In adopting the R&R, the Court assumes that defendants bore the burden of establishing good cause. For the reasons set forth in the R&R, that burden has been met. Accordingly, Magistrate Judge Azrack's R&R, dated November 20, 2007, is hereby adopted as the opinion of the Court.

SO ORDERED.

Dated: Brooklyn, New York
January 12, 2009

Carol Bagley Amon
United States District Judge