UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,          **NOT FOR PUBLICATION**
                                          MEMORANDUM AND ORDER
      -against-                        97-CV-5532 (CBA)(JMA)

GIOVANNI GALLINA, EPIFANIA GALLINA,
CATERINA MIGNANO, FRANCESCA PIPITONE,
ASTORIA FED. SAV. AND LOAN ASSOC.,
IDEAL MUTUAL INS. CO., and NEW YORK
STATE DEP'T OF TAXATION AND FINANCE,

                Defendants.
-----------------------------------------------------------------x
AMON, United States District Judge:

      On September 23, 1997, the United States (the "government") brought an action pursuant to 26 U.S.C. §§ 7401, 7402(a), and 7403 against Giovanni and Epifania Gallina (the "Gallinas"), Caterina Mignano, Francesca Pipitone, Astoria Federal Savings and Loan Association, Ideal Mutual Insurance Company, and the New York State Department of Taxation and Finance. The complaint consists of four counts. Under Count I, the government sought to reduce to judgment certain assessed and unpaid income tax liabilities against the Gallinas. Under Count II, the United States sought a determination that federal tax liens attached to and remain upon the Gallinas' interest in a parcel of real property located at 53-46 67th Street, Maspeth, New York (the "Maspeth property"). Count III contends that the Gallinas conveyed the Maspeth property to their daughters, Caterina Mingano ("Mignano") and Francesca Pipitone ("Pipitone" and, collectively, the "daughters" or the "defendants"). Count IV argues that any conveyance to the daughters was made fraudulently, under New York law.

      The government moved for partial summary judgment, as to Counts I, II, and III of the complaint, and the Court referred this motion to Magistrate Judge Joan Azrack for a report and

recommendation ("R&R"). Magistrate Judge Azrack issued an R&R recommending that the Court grant the government's motion for partial summary judgment and allow the government to foreclose on the liens upon the Maspeth property. The daughters filed timely objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1).

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); see also Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Upon a review of the record, the Court hereby adopts the Magistrate Judge's recommendation.

The defendants first object to the Magistrate Judge's description of the recommendation as a grant of "partial" summary judgment. As they explain, "the recommendations as set forth . . . would seem to suggest that if this Order was adopted by the Court it would, in fact, be summary judgment as to all issues." The recommended order is "partial," in that it addresses only the government's first three claims. As the government concedes, however, the order could render the remaining count moot.

Second, defendants take issue with a statement made in the concluding paragraphs of the R&R that, "In the almost three years since [the government's motion for default judgment was denied], extensive discovery has failed to yield any evidence that Caterina and Francesca acquired a valid interest in the Maspeth property." Defendants explain that at the government's request discovery was bifurcated and did not proceed on the government's fraudulent conveyance theory wherein the validity of the daughter's interest would be determined pursuant to state law. The Magistrate Judge did not rely, however, on the extent of discovery conducted, but on the pleadings, affidavits, and any discovery and disclosure materials on file, as required by Rule 56 of the Federal

Rules of Civil Procedure.

To the extent defendants argue that any determination of whether the daughters were "purchasers" of the Maspeth property was improper in light of the bifurcated discovery, the Court rejects such an argument. "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). In supporting their opposing factual position, defendants were entitled to rely not only on depositions, interrogatories and other discovery material, but on affidavits and declarations from the daughters or others. Fed. R. Civ. P. 56(c)(1)(A). If any facts were unavailable to the defendants, they could have "show[n] by affidavit or declaration that, for specified reasons, [they could not] present facts essential to justify [their] opposition," and the Court may have deferred consideration of the motion or allowed time for additional discovery. Fed. R. Civ. P. 56(d).

The government made clear both in its letter requesting a pre-motion conference and in its moving papers that it intended to move on its lien theory and that resolution of such a theory would require a determination as to whether the daughters were "purchasers," under 26 U.S.C. § 6323. Defendants could have submitted affidavits or other materials contesting the government's submissions or requested the opportunity for further discovery. Defendants instead submitted response papers arguing that there was a material dispute of fact as to the daughter's status as bona fide purchasers pursuant to state law. As defendants had ample opportunity to contest the government's reliance on 26 U.S.C. §§ 6321 & 6323, the Court denies any objection that such a determination was premature.

Finally, to the extent the defendants argue that the Court should reject the R&R because they now seek to pursue a theory that they had an equitable interest in the Maspeth property, defendants cite no case law to explain why such an interest would render the lien invalid as applied

to the Maspeth property nor do they explain why they could not have proceeded on such a theory in response to the government's motion for summary judgment.

Accordingly, the Court adopts the Magistrate Judge's recommendation. The government's motion for partial summary judgment is granted, and the government is permitted to foreclose the liens upon the property. The Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 11, 2011

s/CBA

Carol Bagley Amon
United States District Judge

**Copy mailed to:**
**Giovanni and Epifania Gallina**
**c/o Salvatore Gallina**
**53-46 67th Street**
**Maspeth, NY 11378**